UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE COMPLAINT OF OCEANSOUND INVESTMENTS; and ROBERT NAGATA, individual as owners or managers of 1989 65' Donzi "Legacy" Model Z-65 Tournament Sportfish Convertible Motoryacht, H.I.N. YDRI0009J889,<br><br>  Plaintiffs-in-Limitation. | Case No.: 23-CV-1745 TWR (BLM)<br><br>**ORDER TO PROVIDE ADDITIONAL DOCUMENTATION AND SECURITY FOR COSTS**<br><br>(ECF No. 1) |

Presently before the Court is the admiralty Complaint for Exoneration from or Limitation of Liability by Plaintiffs-in-Limitation Oceansound Investments and Robert Nagata as the owners or managers of a 1989, 65' Donzi "Legacy" Model Z-65 Motoryacht, H.I.N. YDRI000J889 (the "Vessel"). (ECF No. 1, "Compl.") This action arises from a boating accident that allegedly occurred aboard Plaintiffs-in-Limitation's Vessel on August 10, 2022, resulting in a crew member, Robert Swift, breaking his left leg (the "Incident"). (*See* Compl. ¶¶ 6–8.) Mr. Swift subsequently filed a personal injury lawsuit against Plaintiffs-in-Limitation in the Superior Court of California, County of San Diego. (*See id.* ¶ 9.) Among other things, Plaintiffs-in-Limitation ask the Court to issue an Order (1) directing the issuance of a monition to all persons asserting claims against Plaintiffs-in-Limitation with respect to the Incident to file claims with the Clerk of Court;

(2) directing publication of a notice of the monition in newspapers; and (3) enjoining the prosecution of all claims, except this action, against Plaintiffs-in-Limitation arising from the Incident.  (*See* Compl. Prayer ¶ C.)  Although the Court is inclined to grant the request, Plaintiffs-in-Limitation first must cure certain deficiencies in their application.

When a vessel owner initiates an action in federal court pursuant to the Limitation of Liability Act (the "Limitation Act"), 46 U.S.C. §§ 30501 *et seq.*, the owner must provide security for the benefit of the claimants in "an amount equal to the value of the owner's interest in the vessel and pending freight, or approved security" and "an amount, or approved security, that the court may fix from time to time as necessary to carry out this chapter." 46 U.S.C. § 30529(b)(1); Fed. R. Civ. P., Supp. R. F(1).  The owner may deposit the security with the court or transfer the amount to a trustee appointed by the court.  46 U.S.C. §§ 30529(b)(1)–(2); Fed. R. Civ. P., Supp. R. F(1).  Supplemental Rule F(1) further requires an owner to give security for "costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security." Fed. R. Civ. P., Supp. R. F(1).  Pursuant to this District's Civil Local Rules, "[u]nless otherwise ordered by a judge, the amount of the security for costs required to be filed in an action for limitation of liability under Rule F(1) is $500.  In such an action, the security for costs may be combined with the security for value and interest." S.D. Cal. CivLR F.1.

In lieu of a traditional form of security, courts have approved the use of an *ad interim* stipulation of value.  *See Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 218–19 (1927) ("Whenever a stipulation is taken in an admiralty suit, for the property subjected to legal process and condemnation, the stipulation is deemed a mere substitute for the thing itself, and the stipulators liable to the exercise of all those authorities on the part of the court, which it could properly exercise, if the thing itself were still in its custody." (quoting *The Palmyra*, 25 U.S. 1, 10 (1827))).  When presented together with a letter of undertaking, courts have found such a stipulation provides sufficient security. *See, e.g.*, *In re Star & Crescent Boat Co.*, No. 21-cv-169-BEN-JLB, 2021 WL 1526601, at *14 (S.D. Cal. Apr. 19, 2021) (concluding plaintiff-in-limitation's *ad interim* stipulation for

value and costs and letter of undertaking from insurer provided adequate security); *Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1294 n.4 (9th Cir. 1997) (explaining that letter of undertaking provided by insurance carrier and operator of cruise ship was "sufficient to perfect in rem jurisdiction in the absence of the ship's arrest").

Here, Plaintiffs-in-Limitation have attached to their Complaint an "*Ad Interim* Stipulation for Security" (ECF No. 1-2, "*Ad Interim* Stip.") and a "Declaration of Valuation" from Plaintiff Robert Nagata (ECF No. 1-4, "Decl. of Valuation"). The *Ad Interim* Stipulation purports to provide security in the amount of the value of Plaintiffs-in-Limitation's interest in the Vessel after the Incident—$350,000—with interest thereon at a rate of 6% per annum, as required by Supplemental Rule F(1). (*See Ad Interim* Stip. at 3.) Ace American Insurance Company ("Ace"), which insures the Vessel, is the entity providing the security and has signed the stipulation. (*Id.* at 2–3.) In the Declaration of Valuation, Mr. Nagata attests, based on his experience and his review of comparable sales on websites, that the post-Incident value of the Vessel is $350,000. (Decl. of Valuation ¶¶ 4, 6.)

The Court sees two problems with Plaintiffs-in-Limitation's documentation. First, Plaintiffs-in-Limitation's *Ad Interim* Stipulation does not include the $500 security for costs required under Supplemental Rule F(1) and this District's Civil Local Rules. (*See generally* Ad Interim Stip.; *see also* S.D. Cal. CivLR F.1.) The Complaint acknowledges the omission and asserts that Plaintiffs-in-Limitation will provide such a security "if the Court so orders." (Compl. ¶ 22.) Plaintiffs-in-Limitation must provide the requisite $500 security for costs, as proper security is a condition precedent to issuance of both the notice and the injunction. *See* Fed. R. Civ. P., Supp. R. F(3)–(4).

Second, the Court finds that the *Ad Interim* Stipulation does not provide adequate security for Plaintiffs-in-Limitation's $350,000 interest in the Vessel. The *Ad Interim* Stipulation fails to identify either Plaintiff-in-Limitation as an insured on the marine policy and appears to permit Plaintiffs-in-Limitation to take actions that would void the stipulation. (*Ad Interim* Stip. at 2–3.) Accordingly, if Plaintiffs-in-Limitation seek to rely

on an *ad interim* stipulation in lieu of depositing the security with the Court or transferring the security to a trustee, they must supplement the *Ad Interim* Stipulation with a letter of undertaking from Ace.

Because the Court is unable to grant Plaintiffs-in-Limitation the relief they request on the current record, the Court **ORDERS** Plaintiffs-in-Limitation to correct the deficiencies in their application identified above <u>on or before November 8, 2023</u>. *Should Plaintiffs-in-Limitation fail timely to provide the Court with the additional documentation as ordered, the Court will deny without prejudice their application.*

**IT IS SO ORDERED.**

Dated: October 20, 2023

_____
Honorable Todd W. Robinson
United States District Judge