UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE COMPLAINT OF OCEANSOUND INVESTMENTS; and ROBERT NAGATA, individual as owners or managers of 1989 65' Donzi "Legacy" Model Z-65 Tournament Sportfish Convertible Motoryacht, H.I.N. YDRI0009J889,<br><br>           Plaintiffs-in-Limitation. | Case No.: 23-CV-1745 TWR (BLM)<br><br>**ORDER (1) ACCEPTING PLAINTIFFS-IN-LIMITATION'S AMENDED *AD INTERIM* STIPULATION AND LETTER OF UNDERTAKING; (2) GRANTING IN PART AND DENYING IN PART PLAINTIFFS-IN-LIMITATION'S APPLICATION FOR INJUNCTION; AND (3) ORDERING DIRECTING ISSUANCE OF NOTICE OF COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY TO ISSUE**<br><br>(ECF Nos. 1, 6) |

Presently before the Court is the admiralty Complaint for Exoneration from or Limitation of Liability by Plaintiffs-in-Limitation Oceansound Investments and Robert Nagata as the owners or managers of a 1989, 65' Donzi "Legacy" Model Z-65 Motoryacht, H.I.N. YDRI000J889 (the "Vessel"), (ECF No. 1, "Compl."), the Amended *Ad Interim* Stipulation for Security in Compliance with October 20, 2023, Order to Provide Additional

1

Documentation and Security for Costs (ECF No. 6, "Amended *Ad Interim* Stip."), and the letter of undertaking attached thereto (*id.*, "Letter from Chubb"). This action arises from a boating accident that allegedly occurred aboard Plaintiffs-in-Limitation's Vessel on August 10, 2022, resulting in a crew member, Robert Swift, breaking his left leg (the "Incident"). (*See* Compl. ¶¶ 6–8.) Mr. Swift subsequently filed a personal injury lawsuit against Plaintiffs-in-Limitation in the Superior Court of California, County of San Diego. (*See id.* ¶ 9.) Among other things, Plaintiffs-in-Limitation ask the Court to issue an Order (1) directing the issuance of a monition to all persons asserting claims against Plaintiffs-in-Limitation with respect to the Incident to file claims with the Clerk of Court; (2) directing publication of a notice of the monition in newspapers; and (3) enjoining the prosecution of all claims, except this action, against Plaintiffs-in-Limitation arising from the Incident. (*See* Compl. Prayer ¶ C.) The Court previously considered the documentation Plaintiffs-in-Limitation submitted in support of their requests, found it deficient in several respects, and ordered Plaintiffs-in-Limitation to provide additional documentation. (ECF No. 5.) Plaintiffs-in-Limitation now have supplied the requested information and cured the deficiencies in their initial submission. (*See* Amended *Ad Interim* Stip.)

The Court, having considered the Complaint, supporting documentation, and applicable law, (1) accepts Plaintiffs-in-Limitation's Amended *Ad Interim* Stipulation as sufficient security; (2) enjoins all proceedings against Plaintiffs-in-Limitation arising out of the Incident giving rise to this limitation action; and (3) directs Plaintiffs-in-Limitation to publish notice as set forth below.

## BACKGROUND

**A.    *Statement of Facts*[1]**

This action arises from an accident that occurred aboard Plaintiffs-in-Limitation's vessel on August 10, 2022. (Compl. ¶¶ 6–7.). Plaintiff-in-Limitation Oceansound

---

[1]    In reciting the above facts taken from the operative Complaint, the Court is not making any findings of fact.

2

23-CV-1745 TWR (BLM)

Investments LLC ("Oceansound") holds title to the Vessel, which is exempt from registration with the State of California because it is federally registered with the U.S. Coast Guard. (*Id.* ¶ 4.) Plaintiff-in-Limitation Robert Nagata is the manager of both Oceansound and the Vessel. (*Id.* ¶¶ 3–4.) The Incident occurred on or around 10:45 p.m. on August 10, 2022, when Robert Swift, a crew member and deckhand of the Vessel, fell from the top of the Vessel's bulwark and broke his left leg. (*Id.* ¶¶ 6–7.) At the time of the Incident, the Vessel was on a voyage to Catalina Island. (*Id.* ¶ 7.)

Mr. Swift initiated a lawsuit against Plaintiffs-in-Limitation in San Diego Superior Court for personal injuries, damages, and losses arising out of the Incident and served Plaintiffs-in-Limitation with notice of the lawsuit on March 20, 2023. (*Id.* ¶¶ 9, 13.)

Plaintiffs-in-Limitation allege that the value of the Vessel at the end of the voyage on August 10, 2022, after the Incident, was $350,000. (*Id.* ¶ 11.) This amount also represents their interest in the Vessel and pending freight. (*Id.* ¶ 20.)

### B. Procedural History

On September 20, 2023, or within six months of Mr. Swift's written notice of the state court action, Plaintiffs-in-Limitation filed this action for exoneration from or limitation of liability pursuant to the Limitation of Liability Act (the "Limitation Act"), 46 U.S.C. § 30501, *et seq.* Plaintiffs-in-Limitation's Complaint, among other things, asks the Court to (1) adjudge that Plaintiffs-in-Limitation are not liable; (2) limit liability, as requested, to the value of the Vessel at the conclusion of the voyage if Plaintiffs-in-Limitation are adjudged liable; (3) issue an order directing the issuance of a monition to all persons asserting claims against Plaintiffs-in-Limitation with respect to the Incident admonishing them to file their respective claims with the Clerk of Court; (4) issue an order directing the execution of the monition and publication of notice thereof in newspapers once a week for four consecutive weeks; and (5) enjoin further prosecution of any actions relating to the Vessel and the Incident. (Compl. ¶¶ 6–8.)

Plaintiffs-in-Limitation have attached several documents to the Complaint, as relevant here: (1) *Ad Interim* Stipulation for Security, (ECF No. 1-2); (2) Notice of

Complaint for Exoneration from or Limitation of Liability, (ECF No. 1-3); (3) Robert Nagata's Declaration of Valuation, (ECF No. 1-4, "Nagata Decl."); and (4) Proposed Order of Injunction and Monition (not docketed).  On October 20, 2023, the Court rejected Plaintiffs-in-Limitation's proffered *Ad Interim* Stipulation for Security because it failed to provide the requisite $500 security for costs, failed to identify either Plaintiff-in-Limitation as an insured on the marine policy, and appeared to permit Plaintiffs-in-Limitation to take actions that would void the stipulation.  ECF No. 5 at 3–4; *see also* Fed. R. Civ. P., Supp. R. F(1); S.D. Cal. CivLR F.1.  The Court directed Plaintiffs-in-Limitation to provide a letter of undertaking from the insurer that issued the marine policy if they intended to rely on an *ad interim* stipulation.  (ECF No. 5 at 4.)  In response to the Court's October 20, 2023 Order, Plaintiffs-in-Limitation have provided the Amended *Ad Interim* Stipulation, to which they have attached a letter from the insurer.  (ECF No. 6.)

## LEGAL STANDARD

Federal courts have exclusive jurisdiction over admiralty and maritime claims.  U.S. Const. art. III, § 2; 28 U.S.C. § 1333(1).[2]  The Limitation Act permits vessel owners to seek to "limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis*, 531 U.S. at 446 (citing the Limitation Act).  The Limitation Act serves to "encourage investment in the ship-building industry by protecting owners from excessive liability for claims related to their vessels." *In re Pac. Maritime Freight, Inc.*, 316 F. Supp. 3d at 1217

---

[2]  The Judiciary Act of 1789 codified this grant of exclusive original jurisdiction but included a "saving to suitors" clause that the Supreme Court has construed as "preserv[ing] remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 445–46 (2001); 28 U.S.C. § 1333(1).  "Pursuant to the saving[] to suitors clause, litigants in admiralty and maritime actions are not necessarily limited to pursuing only those remedies recognized by substantive admiralty and maritime law, which may differ from those available under common law." *In re Pac. Maritime Freight, Inc.*, 316 F. Supp. 3d 1214, 1217 (S.D. Cal. 2018) (citing *Lewis*, 531 U.S. at 439).  As a result, the Supreme Court has recognized that tension may exist between the saving to suitors clause in the jurisdictional statute and other acts of Congress, such as the Limitation Act, affording unique rights and procedures to vessel owners. *Lewis*, 531 U.S. at 446, 448.

(citing *Lewis*, 531 U.S. at 446); *accord In re Star & Crescent Boat Co., Inc.*, 519 F. Supp. 3d 752, 757 (S.D. Cal. 2021). "A limitation of liability action is a proceeding in admiralty for vessel owners that permits them to limit their liability (if any) to their interest in the vessel and its freight, provided that the loss was incurred without their privity or knowledge." *In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015, 1017 (9th Cir. 2000).

Together, the Limitation Act, the jurisdictional statute (28 U.S.C. § 1333), and Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Admiralty Rules") vest federal courts with exclusive jurisdiction to determine whether a vessel owner is entitled to limit his or her liability. *See* 46 U.S.C. § 30529; 28 U.S.C. § 1333(1); Fed. R. Civ. P., Supp. R. F(3). The owner of a vessel may initiate a limitation of liability action in federal court provided that the action is brought "within 6 months after a claimant gives the owner written notice of a claim." 46 U.S.C. § 30529(a); *see also* Fed. R. Civ. P., Supp. R. F(1). "The complaint may demand exoneration from as well as limitation of liability." Fed. R. Civ. P., Supp R. F(2).

When a vessel owner brings a federal suit, the owner must provide security for the benefit of the claimants in "an amount equal to the value of the owner's interest in the vessel and pending freight, or approved security" and "an amount, or approved security, that the court may fix from time to time as necessary to carry out this chapter." 46 U.S.C. § 30529(b)(1); Fed. R. Civ. P., Supp. R. F(1). The owner may deposit the security with the court or transfer the amount to a trustee appointed by the court. 46 U.S.C. §§ 30529(b)(1)–(2); Fed. R. Civ. P., Supp. R. F(1). Supplemental Admiralty Rule F(1) further requires an owner to give security for "costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security." Fed. R. Civ. P., Supp. R. F(1). Pursuant to this District's Civil Local Rules, "[u]nless otherwise ordered by a judge, the amount of the security for costs required to be filed in an action for

limitation of liability under Rule F(1) is $500.  In such an action, the security for costs may be combined with the security for value and interest." S.D. Cal. CivLR F.1.

When the owner has complied with the security requirement, "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30529(c); Fed. R. Civ. P., Supp. R. F(3); *In re Complaint of Ross Island*, 226 F.3d at 1017. Supplemental Admiralty Rule F fulfills this provision by requiring that "on application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action." Fed. R. Civ. P., Supp. R. F(3).

Additionally, following the issuance of or concurrently with the injunction, the Court "shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice." Fed. R. Civ. P., Supp. R. F(4).  The deadline for filing claims must be at least thirty days after the Court's issuance of the notice. *Id.*  The notice "shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims." *Id.*

Once claims have been filed, "in a proceeding known as a concursus, the district court determines whether there is liability and whether it should be limited." *In re Star & Crescent Boat Co.*, 519 F. Supp. 3d at 758 (citing *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750, 755 (2d Cir. 1988)).  If, however, either of the two exceptions to a vessel owner's general right to consolidate claims applies, and a claimant makes the necessary stipulations to protect the vessel owner in federal court, the district court abuses its discretion if it fails to dissolve the injunction halting all other

actions so that the action can proceed in state court.[3]  *See Lewis*, 531 U.S. at 449, 454; *Langnes v. Green*, 282 U.S. 531, 541–42 (1931).

## DISCUSSION

### I. Sufficiency of the Security

Providing adequate security is a condition precedent to the Court's issuance of both an injunction and notice to potential claimants.  Fed. R. Civ. P., Supp. R. F(3)–(4).  In lieu of a traditional form of security, courts have approved the use of an *ad interim* stipulation of value.  *See Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 218–19 (1927) ("Whenever a stipulation is taken in an admiralty suit, for the property subjected to legal process and condemnation, the stipulation is deemed a mere substitute for the thing itself, and the stipulators liable to the exercise of all those authorities on the part of the court, which it could properly exercise, if the thing itself were still in its custody." (quoting *The Palmyra*, 25 U.S. 1, 10 (1827))).  When presented together with a letter of undertaking, courts have found such a stipulation provides sufficient security.  *See, e.g.*, *In re Star & Crescent Boat Co.*, No. 21-cv-169-BEN-JLB, 2021 WL 1526601, at *14  (S.D. Cal. Apr. 19, 2021) (concluding plaintiff-in-limitation's *ad interim* stipulation for value and costs and letter of undertaking from insurer provided adequate security); *Chan v. Soc'y Expeditions, Inc.*, 123 F.3d 1287, 1294 n.4 (9th Cir. 1997) (explaining that letter of undertaking provided by insurance carrier and operator of cruise ship was "sufficient to perfect in rem jurisdiction in the absence of the ship's arrest").

Here, Plaintiffs-in-Limitation have provided the Amended *Ad Interim* Stipulation in lieu of depositing the funds or transferring its interest in the Vessel to a trustee. (*See* ECF No. 6.)   The Amended *Ad Interim* Stipulation provides security in the amount of the value of Plaintiffs-in-Limitation's interest in the Vessel after the Incident—$350,000—and

---

[3]  In *Lewis*, the Supreme Court recognized two exceptions to vessel owners' general right to consolidate claims in a limitation action in federal court by virtue of the saving to suitors clause.  *Lewis*, 531 U.S. at 451.  Where (1) there is only one claimant, or (2) the total amount of the claims is less than the value of the fund, the action can be maintained in state court.  *Id.*

requisite security for costs—$500—for a total of $350,500, with interest thereon at a rate of 6% per annum, as required by Supplemental Admiralty Rule F(1). (*See* Amended *Ad Interim* Stip. at 2–3.) Ace American Insurance Company ("Ace"), which is a wholly-owned subsidiary of Chubb, issued the relevant marine policy to Plaintiff-in-Limitation Oceansound Investments, LLC and is the insurer providing the security. (*Id.* at 2–3.) Ace has executed both the stipulation and a letter of undertaking appended to the stipulation in which Ace represents that "Chubb has agreed to an Undertaking in the amount of $350,500." (*Id.*, Letter from Chubb.) The Amended *Ad Interim* Stipulation further provides that Ace will pay the amount ultimately awarded by the Court up to the amount of the security of $350,500. (*See id.* at 2–3.)

Additionally, Plaintiffs-in-Limitation attach to their Complaint a "Declaration of Valuation" from Plaintiff-in-Limitation Robert Nagata (ECF No. 1-4, "Decl. of Valuation"). In the Declaration of Valuation, Mr. Nagata attests, based on his experience and his review of comparable sales on websites, that the post-Incident value of the Vessel is $350,000. (Decl. of Valuation ¶¶ 4, 6.)

In light of the Declaration of Valuation, the Court finds that Plaintiffs-in-Limitation's Amended *Ad Interim* Stipulation and Ace's letter of undertaking provide sufficient security for Plaintiffs-in-Limitation's interest in the Vessel and include the required security for litigation costs. This ruling is without prejudice to the right of any claimant to demand that the security be increased and to any subsequent appraisal the Court might order. *See* Fed. R. Civ. P., Supp. R. F(7).

**II.  Injunctive Relief**

Plaintiffs-in-Limitation seek an order enjoining "the prosecution against Plaintiffs, their representatives and insurers, in personam, and the Vessel, in rem, any and all claims, suits, actions or proceedings, whether or not already begun, with respect to the Incident, except this proceeding." (Compl., Prayer for Relief C.3.) As set forth above, both the Limitation Act and Supplemental Admiralty Rules contemplate such a stay once adequate security has been provided. 46 U.S.C. § 30529(c); Fed. R. Civ. P., Supp. R. F(3); *Esta*

*Later Charters, Inc. v. Ignacio*, 875 F.2d 234, 236 (9th Cir. 1989) (explaining that "admiralty courts issue a restraining order or an injunction staying all proceedings pending elsewhere").

Because the Court concurrently approves the security provided, the Court also will issue the requested injunction.[4] However, the plain language of the Limitation Act provides the injunction will apply to "all claims and proceedings against the *owner* related to the matter in question." 46 U.S.C. § 30529(c) (emphasis added). Similarly, Supplemental Admiralty Rule F(3) only permits a stay and injunction barring the prosecution of "any action or proceeding against the *plaintiff or the plaintiff's property* with respect to any claim subject to limitation in the action." Fed. R. Civ. P., Supp. R. F(3) (emphasis added). Plaintiffs-in-Limitation offer no authority for the proposition that the Court may extend the scope of the injunction to bar prosecution of claims against Plaintiffs-in-Limitation's "representatives and insurers." (Compl., Prayer for Relief C.3.)

In *Maryland Casualty Co. v. Cushing*, a claimant brought a separate action against the plaintiff-in-limitation's underwriter pursuant to a Louisiana law that authorized suits directly against the relevant insurer. 347 U.S. 409, 411 (1954). The district court granted the insurers' motion for summary judgment because applying a Louisiana statute that permitted suit against the insurers would contravene the purpose of the Limitation Act. *Id.* In a plurality opinion of four Justices, the Supreme Court observed that "[d]irect actions

---

[4] In accordance with Rule F, Mr. Swift, the only known claimant, has appeared in this action and filed "Robert Cooper Swift's Claim and Answer to Complaint for Exoneration from or Plaintiffs-in-Limitation 1989, 65' Donzi 'Legacy' Model Z-65 Motoryacht And Its Engine, Appurtenances, etc., *In Rem*, Oceansound Investments, LLC; and Robert Nagata *In Personam*." (ECF No. 7.) Because Mr. Swift is the only known claimant, the single claimant exception may apply if Mr. Swift is the only individual who files a claim after publication of the notice. "Under the 'single claimant exception,' if only *one* claim has been filed and 'nothing appears to suggest the possibility of another claim,' a district court is required to dissolve its injunction to permit the single claimant to pursue a separate action and jury trial," provided the claimant makes certain prerequisite stipulations. *In re Complaint of Ross Island*, 226 F.3d at 1017–18 (quoting *Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir. 1983)). Although other unknown claimants may come forward after the publication of notice, if no other claims come forward, the injunction may not be warranted. *See id.*

against the liability underwriter of the shipowner or charterer would detract from the benefit of a concursus and undermine the operation of the congressional scheme for the 'complete and just disposition of a manycorned controversy.'" *Id.* at 416–17 (quoting *Hartford Accident & Indemnity Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 216 (1927)). No majority opinion issued, and the Supreme Court identified only one ground common to five Justices: that the appropriate course of action was to remand the case to the District Court "to be continued until after the completion of the limitation proceeding." *Id.* at 422–23.

The Ninth Circuit in *In re Complaint of Paradise Holdings, Inc.*, affirmed the district court's stay of the state court proceedings against a non-owner captain of the subject vessel. 795 F.2d 756, 761 (9th Cir. 1986). The state court claimants had moved to dissolve the district court's injunction because they had named the ship's captain as a defendant. *Id.* The Ninth Circuit concluded that one of the major purposes of the Limitation Act—"permit[ting] the shipowner to retain the benefit of his insurance"—"could be frustrated if claimants' action against the captain here were not stayed." *Id.* at 762. The majority explained that

> it is sometimes inconsistent with the purposes of the Act to permit some limitation-action claimants to proceed in state court against a ship's captain and crew in advance of an equitable division of the limitation fund among all potential claimants. We hold that in such cases, a district court has discretion to stay the state action or otherwise to shape the limitation proceedings in a manner that promotes the purposes of the Act.

*Id.* at 763.

*Cushing* and *Paradise Holdings* offer some authority for expanding the injunction staying other actions to encompass actions against a plaintiff-in-limitation's insurer and employees. In both actions, however, the suits against the insurer and employee were not hypothetical, and neither was the potential for "depletion of the insurance coverage," *Paradise Holdings*, 795 F.2d at 763. The evidence presently before the Court shows that Plaintiff-in-Limitation Oceansound holds title to the Vessel and that Plaintiff-in-Limitation

Robert Nagata is the manager of Oceansound. (Compl. ¶¶ 3–4.) Under similar circumstances, the district court in *In re Aloha Jetski, LLC* found it appropriate to grant a stay of state court proceedings against the limitation plaintiff and the sole member of the limitation plaintiff as "owners" under the Limitation Act but not against the limitation plaintiff's "affiliates, agents, employees, managers, members, officers, directors, shareholders, vessels, property, underwriters, and insurers." 920 F. Supp. 2d 1143, 1147–48 (D. Haw. 2013). The court concluded that "the purposes of the Act are not served by granting the broad injunction as sought by Limitation Plaintiff." *Id.* at 1150. In view of the current record, the Court, likewise, will not extend the scope of the injunction to encompass Plaintiffs-in-Limitation's "representatives and insurers," as requested. For now, the injunction shall be confined to claims against Plaintiffs-in-Limitation, as the "owners" of the Vessel, or the Vessel. The Court will entertain a motion to amend the scope of the injunction should claimants commence actions against Plaintiffs-in-Limitation's "representatives and insurers." Accordingly, Plaintiffs-in-Limitation's request for injunctive relief is **GRANTED IN PART AND DENIED IN PART**.

### III. Notice and Monition

Finally, Plaintiffs-in-Limitation request an order directing the issuance of notice to potential claimants and admonishing them to file their respective claims with the Clerk of the Court. (Compl. ¶ 7; *see also* ECF 1-3 at 1; Proposed Order of Injunction and Monition at 3–5.) As set forth above, once a plaintiff-in-limitation provides adequate security, the Supplemental Admiralty Rules direct that the Court "shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice." Fed. R. Civ. P., Supp. R. F(4). The Court must afford potential claimants at least thirty days from the issuance of the notice to respond, and the notice must "be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims." *Id.*

Here, Plaintiffs-in-Limitation have provided adequate security, and the Court, accordingly, **ORDERS** Plaintiffs-in-Limitation to publish the notice set forth in the concurrently-filed Order Directing Execution of Monition and Publication of Notice of Complaint. The Court's notice does not differ materially from Plaintiffs-in-Limitation's proposed "Notice of Complaint for Exoneration from or Limitation of Liability," (*see* ECF No. 1-3), but does include revised deadlines for filing claims with the Clerk of the Court and for filing and serving an answer to the Complaint, as applicable. (*See* Order Directing Execution of Monition and Publication of Notice of Complaint at 2.) Additionally, the Court's notice directs claimants to serve or mail copies of their claims to Plaintiffs-in-Limitation's counsel. (*Id.*)

Plaintiffs-in-Limitation propose to publish the notice in the San Diego Union-Tribune. (*See* Proposed Order of Injunction and Monition at 4.) Pursuant to this Court's Local Rules, "[t]he 'San Diego Daily Transcript' of San Diego (published by the []Daily Journal Corporation), being a newspaper of general circulation within the County of San Diego and within the above district . . . [is] designated as the official newspaper[] for publication of all notices required to be published by law or order of this court." S.D. Cal. CivLR 83.7(a). The Local Rules also authorize the Court "in any case for the convenience of the parties in interest or in the interest of justice, designate[] any other newspaper for publication of notices as the Court may determine." *Id.* The Court will exercise its discretion to order publication of the notice in the San Diego Union-Tribune rather than the San Diego Daily Transcript. The notice must be published in the San Diego Union-Tribune for four successive weeks prior to the deadline for the filing of claims, which the Court now sets as **January 25, 2024**. Plaintiffs-in-Limitation further propose, and the Court now **ORDERS** Plaintiffs-in-Limitation, to mail a copy of the notice to every person

known to have made a claim against them or the Vessel arising out of the Incident, (*see* Proposed Order of Injunction and Monition at 4).[5]

## CONCLUSION

For the above reasons, the Court **ORDERS** that:

1. The Amended *Ad Interim* Stipulation and letter of undertaking are approved;

2. Pursuant to Rule F(7) of the Supplemental Admiralty Rules, approval of the Amended *Ad Interim* Stipulation and letter of undertaking is without prejudice to the right of any claimant to file a motion demanding that Plaintiffs-in-Limitation's security be increased because (1) the security is less than the value of the Plaintiffs-in-Limitation's interest in the vessel and pending freight or (2) the security is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury;

3. Plaintiffs-in-Limitation's request for issuance of an injunction restraining the commencement or prosecution of other actions arising out of the Incident is **GRANTED IN PART AND DENIED IN PART**. Pursuant to the Limitation Act and Rule F(3) of the Supplemental Admiralty Rules, the commencement or further prosecution of any and all claims, suits, actions, or legal proceedings of any kind, nature or description whatsoever against Plaintiffs-in-Limitation or the Vessel, with regard to any and all claims and causes of action that arise from or relate directly or indirectly, to the August 10, 2022 Incident described in Plaintiffs-in-Limitation's Complaint, filed September 20, 2023, including the action *Swift v. Oceansound Investments LLC*, No. 37-2023-00009042-CU-PO-CTL, filed in San Diego Superior Court's Civil Division[6], is hereby **ENJOINED** and **RESTRAINED**, pending the hearing and determination of this proceeding.

---

[5] The docket reflects that Plaintiffs-in-Limitation already have notified Mr. Swift of this lawsuit, and Mr. Swift has appeared in this lawsuit without contesting the injunctive relief Plaintiffs-in-Limitation seek. (*See* ECF Nos. 4, 7.)

[6] The Court takes judicial notice of Mr. Swift's state court action pursuant to Federal Rule of Evidence 201. *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 802 n.2 (9th Cir. 2002) (taking judicial notice of filings in state court proceeding).

4. Pursuant to Rule F(4) of the Supplemental Admiralty Rules, notice shall issue in substantially the same form as set forth in the Court's concurrently-filed Order Directing Execution of Monition and Publication of Notice of Complaint to all persons asserting claims arising from the Incident, admonishing them to (1) file their respective claims, if at all, with the Clerk of the Court on or before **January 25, 2024** and (2) serve on the attorneys for the Plaintiffs-in-Limitation a copy thereof on or before **January 25, 2024**;

5. Such public notice shall be published in the San Diego Union-Tribune, a newspaper published in the San Diego area, once a week for four successive weeks prior to the January 25, 2024 deadline for any claimants to file claims with the Clerk of the Court;

6. The publication and mailing of copies of the notice to any claimants pursuant to Rule F(4) of the Supplemental Admiralty Rules shall constitute due notice to all persons asserting claims with respect to which Plaintiffs-in-Limitation's Complaint seeks limitation or exoneration;

7. Any claims filed with the Clerk of the Court must comply with Rule F of the Supplemental Admiralty Rules. Any claimant who desires to contest Plaintiffs-in-Limitation's right to exoneration from and/or limitation of liability shall file and serve an answer to the complaint on or before **February 15, 2024** unless the claim has included an answer;

8. No later than <u>fourteen days</u> after the electronic docketing of this Order, Plaintiffs-in-Limitation also shall mail a copy of this Order and the concurrently-filed Order Directing Execution of Monition and Publication of Notice of Complaint to every person, including Mr. Swift, known to have made any claim against the Vessel or the Plaintiffs-in-Limitation arising out of the Incident from which the claims sought to be limited arose;

9. On or before **February 29, 2024**, pursuant to Rule F(6) of the Supplemental Admiralty Rules, Plaintiffs-in-Limitation shall mail to the attorney for each claimant (or if the claimant has no attorney, to the claimant) a list setting forth (a) the name of each

claimant, (b) the name and address of the claimant's attorney (if the claimant is known to have one), (c) the nature of the claim, i.e., whether property loss, property damage, death, personal injury etc., and (d) the amount thereof. If, however, only one claim is filed, Plaintiffs-in-Limitation shall notify the attorney for that claimant (or if the claimant has no attorney, the claimant) that his or her claim is the sole claim that has been filed.

**IT IS SO ORDERED.**

Dated: December 8, 2023

_____
Honorable Todd W. Robinson
United States District Judge